1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    THE ISAIAH PROJECT, INC., et al.,              CASE NO. 09-2699-WVG
      individually and on behalf of themselves
12    and others similarly situated,

13                                    Plaintiffs,    ORDER ON FINAL APPROVAL
                                                     OF CLASS SETTLEMENT AND
14    v.                                             JUDGMENT

15

16    CITY OF SAN DIEGO, et al.,

17

18                                    Defendants.

19

20          The matters before the Court are Plaintiffs' Motion for Award of Attorneys' Fees, Cost

21    and Incentive Fees and the Motion for Final Approval of Class Settlement.

22                                          I

23                                    BACKGROUND

24          On December 2, 2009, Plaintiffs initiated this case by filing a Complaint in this Court,

25    which was amended on July 10, 2010, alleging Defendants took and destroyed Plaintiffs'

26    personal property in sweeps, raids or cleanups which violated Plaintiffs' Fourth and Fourteenth

27    Amendment rights.   On Dec 21 and 23, 2009, Defendants filed Answers to the First Amended

28    Complaint denying the allegations.

On February 23, 2011, the parties filed a Joint Motion for Provisional Certification of the Settlement Class and Preliminary Approval of Class Action Settlement.  On May 10, 2011, the Court provisionally certified the settlement class and granted preliminary approval of the class action settlement[1] and stated:

> 1.    The Agreement is fair, reasonable, and adequate;
> 2.    The Full Notice, Summary Notice, and Claim Form (all attached to the Agreement) comply with due process because the notices and form are reasonably calculated to adequately apprise class members of (i) the pending lawsuit, (ii) the proposed settlement, and (iii) their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement;
> 3.    The Class (defined below) is so numerous that joinder of all Class members is impracticable;
> 4.    The claims of the named Plaintiffs are typical of the Class' claims;
> 5.    There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class members; and
> 6.    Class certification is superior to other available methods for the fair and efficient adjudication of the controversy.

On March 24, 2011, the parties consented to the undersigned to decide all disputes regarding settlement terms arising during the documentation of the settlement and all disputes arising out of the terms of the settlement once completed.

On November 15, 2011, Plaintiffs filed a Motion for Final Approval of Class Settlement.  Defendants did not file an Opposition to the Motion and orally joined in Plaintiffs' Motion at the Fairness Hearing.  To date, there have been no objections to the Settlement Agreement filed with the Court.  On November 22, 2011, the Court held a Fairness Hearing. There were no objections made at the Fairness Hearing.

II

DISCUSSION

"The Ninth Circuit has declared that a strong judicial policy favors settlement of class actions."  West v. Circle K Stores,  2006 WL 1652598, at *1 (E.D. Cal. Jun. 13, 2006) [citing

---

[1]    On July 14, 2011, the May 10, 2011 Order was modified with regard to the dates of completion  for certain tasks that were approved in the May 10, 2011 Order.

1   Class Plaintiffs v. City of Seattle, 955 F.2d 1268, 1276 (9th Cir. 1992)].  However, when
2   presented with a motion to finally approve a class action settlement, "judges have the
3   responsibility of ensuring fairness to all members of the class presented for certification."
4   Staton v. Boeing, Co., 327 F.3d 938, 952 (9th Cir. 2003).  Particularly "in the context of a case
5   in which the parties reach a settlement agreement prior to class certification, courts must peruse
6   the proposed compromise to ratify both the propriety of the certification and the fairness of the
7   settlement."  Id.  In determining whether to approve a class action settlement, a district court
8   must (1) "assess whether a class exists," and (2) "carefully consider 'whether a proposed
9   settlement is fundamentally fair, adequate, and reasonable,' recognizing that '[i]t is the
10  settlement taken as a whole, rather than the individual component parts, that must be examined
11  for overall fairness ....'" Id. (citing Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir.
12  1998)).

13      "Attorneys' fees provisions included in proposed class action settlement agreements are,
14  like every other aspect of such agreements, subject to the determination whether the settlement
15  is 'fundamentally fair, adequate, and reasonable.'" Staton, 327 F.3d at 963 [citing Fed. R. Civ.
16  P. 23(e)].  Accordingly, "to avoid abdicating its responsibility to review the agreement for the
17  protection of the class, a district court must carefully assess the reasonableness of a fee amount
18  spelled out in a class action settlement agreement."  Id.

19      In determining whether to grant approval of the settlement of a class action, the standard
20  that the court applies is "whether the settlement is fundamentally fair, adequate and reasonable.
21  Fed. R. Civ. P. 23(3)(1)(C); Class Plaintiffs, 955 F.3d at 1276. Among the factors that courts
22  routinely consider in reviewing a proposed settlement are: (1) the strength of the plaintiff's
23  case; (2) the risk, complexity, length, and expense of continued litigation; (3) the amount
24  offered in settlement; (4) the opinion of competent counsel; (5) the stage of the proceedings
25  and the amount of discovery already undertaken at the time of the settlement; and (6) the
26  reaction of the class members to the proposed settlement. Molski v. Gleich, 318 F.3d 937, 953
27  (9th Cir. 2003), overruled on other grounds in Dukes v. Wal-Mart Stores, Inc., 603 F.3d 571
28  (9th Cir. 2010).

On November 22, 2011, the Court held a hearing on Plaintiffs' unopposed Motion for Final Approval of Class Action Settlement. The Court reviewed the record in this case including the Motion and the supporting papers, the Settlement Agreement and Release ("Settlement Agreement"), and arguments of counsel.  There were no objections to the Settlement Agreement filed with the Court and there were no objections made at the Fairness Hearing.  Based on this review and the findings below, the Court finds good cause to grant the Motion.  Accordingly, Plaintiffs' Motion for Final Approval of Class Action Settlement is GRANTED.

## III

## FINDINGS

1.   The Agreement is fair, reasonable, and adequate.

2.   The parties adequately performed their obligations under the Agreement.

3.   Plaintiffs' counsel provided notice to class members in compliance with the Agreement, and the notice satisfied due process and Rule 23(e) of the Federal Rules of Civil Procedure.  The notice: (i) fully and accurately informed Class Members about the lawsuit and settlement; (ii) provided sufficient information so that Class Members were able to decide whether to accept the benefits offered, opt out and pursue their own remedies, or object to the proposed settlement; (iii) provided procedures for Class Members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (iv) provided the time, date and place of the final fairness hearing.

4.   Plaintiffs and Class Members are entitled to damages.

5.   The named Plaintiffs each are entitled to an incentive award.

6.   Certain Class Members are entitled to an award for "catastrophic loss."

7.   The attorneys for Plaintiffs are entitled to attorneys' fees and costs.

IV

JUDGMENT

IT IS ORDERED AND ADJUDGED THAT:

1.     Class Members.  The Class Members are defined as: All Persons who were deprived of lawfully possessed personal property by one or more of the Defendants as a result of the actions described in the First Amended Complaint.

2.     Binding Effect of Order.  This Order applies to all claims or causes of action settled under the Agreement, and binds all Class Members, including those who did not properly request exclusion from the Order Granting Preliminary Approval of Class Settlement and Provisional Class Certification, dated May 10, 2011.  This Order does not bind persons who filed timely and valid Requests for Exclusions, of which there were none.

3.     Release.  Plaintiffs and all Class Members who did not properly request exclusions are: (1) deemed to have released and discharged Defendant from all claims arising out of or asserted in this action and claims released under the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims.

4.     Defendants shall pay, or cause to be paid, a total of $160,000 to Plaintiffs, which will be placed into a fund to be distributed to the Class Members as allocated below and be used to pay approved attorneys' fees, incentive fees and costs associated with this case:

(a)     $100,000 of the settlement proceeds shall be, and is being, utilized by Plaintiff The Isaiah Project, Inc. to staff and operate a storage facility for the benefit of the Class Members and other homeless persons.  The City Defendants have provided, and shall continue to provide, The Isaiah Project, Inc. with a large warehouse located in downtown San Diego and 500 storage bins in accordance with the Settlement Agreement. The facility is leased to the Isaiah Project, Inc. on a month to month basis for a period anticipated to be at least one year.

(b)     $20, 000 of the settlement proceeds will be used to compensate Class Members. The Court defines the Class affected by the Class Action Settlement as *"all persons deprived of lawfully-possessed personal property by one or more of the Defendants as a result of the*

1    *actions described in the First Amended Complaint in this action.*" The monies shall be

2    distributed to the Class Members in the following amounts:

3              (i)     $300 to all Verified Class Members;

4              (ii)    $150 to all Verified Class Members who the Claims Administrator has

5                      determined to have suffered a "catastrophic loss";

6              (iii)   $150 to all Class Representatives.

7         5.      An award to the American Civil Liberties Union and the Dreher Law Firm

8    ("Class Counsel") of $40,000.00 (total) for attorneys' fees and costs is fair and reasonable in

9    light of the nature of the case, work performed, Class Counsels' experience, and the benefits

10   obtained for the Class. It should be noted that Robert Scott Dreher, who is entitled to one-half

11   of the $40,000 in fees and costs, has agreed to handle this case *pro bono* and has donated his

12   one-half share equally to the American Civil Liberties Union and the San Diego Volunteer

13   Lawyer Program.  It also should be noted that Robert Scott Dreher used his own money in the

14   amount of $3972.97 to pay for all administrative and litigative costs associated with this

15   lawsuit.  It is not often that the Court sees this kind of generosity and selflessness in the legal

16   profession and Mr. Dreher is to be highly commended for his philanthropy.

17        7.      Court's Jurisdiction.  Pursuant to the parties' request, the Court will retain

18   jurisdiction over this action and the parties until final performance of the Settlement

19   Agreement.

20

21

22   DATED:  November 28, 2011

23

24

         Hon. William V. Gallo
25       U.S. Magistrate Judge

26

27

28

- 6 -                                                                          09cv2699